UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-2347 PA (RAO) | Date: | May 19, 2016 |
| Title: | Bernice Davis v. People | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)

On April 1, 2016, Petitioner Bernice Davis' ("Petitioner") Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") was filed with the Court. On April 18, 2016, the Court issued an Order, *inter alia*, notifying Petitioner that all of her claims in the Petition appeared to be unexhausted and directed Petitioner to show cause in writing by May 6, 2016, why this action should not be dismissed for failure to exhaust the claims alleged in the Petition. (Dkt. No. 6.)

However, it has come to the Court's attention that prior to the Court's April 2016 Order, the Court of Appeals for the Ninth Circuit issued a decision in *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016), clarifying that a district court may stay habeas petitions that are wholly unexhausted pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

In light of the foregoing, the Court hereby **WITHDRAWS** its April 18, 2016 Order. Petitioner shall have an opportunity to address the exhaustion issue by electing one of the three available options:

**Option 1**: If Petitioner contends that she has in fact exhausted her state court remedies on any or all of the claims in her Petition, she should clearly explain this in a response to this Order. Petitioner should attach to her response, copies of any documents establishing that her claims in the Petition are indeed exhausted.

**Option 2**: Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1). As amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: CV 16-2347 PA (RAO)     Date: May 19, 2016
Title: Bernice Davis v. People

      **Option 3**: Petitioner may request a stay of her Petition pursuant to *Rhines*. To obtain a *Rhines* stay, Petitioner is required to make a showing of good cause for her failure to exhaust her claims in state court, that the claims are not "plainly meritless," and that Petitioner has not engaged in intentional delay tactics. *See Rhines*, 544 U.S. at 277-78. Petitioner should promptly initiate exhaustion proceedings in the state court without waiting for a ruling from this Court on her motion for a *Rhines* stay. Petitioner may file a state habeas petition before the California Supreme Court that contains the unexhausted claims and explain why Petitioner failed to present her claims previously.

      **The Court ORDERS Petitioner to file a response on or before June 19, 2016, specifically stating which of the three options she wishes to pursue.**

      **If Petitioner selects Option Two, Petitioner may use the attached Notice of Dismissal form and fill it out accordingly.**

      **If Petitioner selects Option Three, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to *Rhines*. In her declaration, Petitioner must set forth good cause for her failure to exhaust her claims, explain that the claims are not plainly meritless, and explain that she has not engaged in intentional delay tactics.**

      **IT IS SO ORDERED.**

      Attachment

                                                                               Initials of Preparer     gr